# Exhibit A

Electronically FILED by Superior Court of California, County of Riverside on 12/29/2022 03:16 PM
Case Number CVRI2205627 0000044171T047 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Elizabeth Marquez, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DOE CORPORATION 1; DOE ASSOCIATION
1; and DOES 1 THROUGH 50, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

D. ROE

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Riverside County Superior Court | CASE NUMBER: *(Número del Caso):* CVRI2205627 |
|---|---|

4050 Main Street
Riverside, CA 92501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul A. Matiasic; 4 Embarcadero Center, Suite 1400, San Francisco, CA 94111; (415) 675-1089

| DATE: *(Fecha)* 12/29/2022 | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: CIRCLE K STORES, INC.; AS DOE 1
   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
           ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Electronically RECEIVED by Superior Court of California, County of Riverside on 08/15/2023 06:38 AM - Jason B. Galkin, Executive Officer/Clerk of the Court By Olga Ramirez-Chavez, Clerk

| | |
|---|---|
| ☐ **BANNING** 311 E. Ramsey Street, Banning, CA 92220 | ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **MURRIETA** 30755-D Auld Rd., Ste. 1226, Murrieta, CA 92563 |
| ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way. Palm Springs, Ca 92262 |
| ☐ **HEMET** 880 N. State St., Hemet, CA 92543 | ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |

RI-CI030

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*

Paul A. Matiasic, SBN 226448, Vaheh Manoukian, SBN 333026
The Matiasic Firm, P.C.
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111

TELEPHONE NO: 415-675-1089    FAX NO. *(Optional)*: 415-675-1103

E-MAIL ADDRESS *(Optional)*: admin@thematiasicfirm.com

ATTORNEY FOR *(Name)*: Plaintiff D. Roe

FOR COURT USE ONLY

PLAINTIFF/PETITIONER: D. Roe

DEFENDANT/RESPONDENT: Doe Corporation 1, et al.

CASE NUMBER:
CVRI2205627

| Hearing Date: | Time: | Department:
4 |
|---|---|---|

AMENDMENT TO ☒ COMPLAINT ☐ CROSS COMPLAINT
(INCORRECT NAME)

INCORRECT NAME

Plaintiff(s) * having designated a defendant in the complaint * by the incorrect name of   Doe Corporation 1

and having discovered the true name of the said defendant to be

Circle K Stores, Inc                                        hereby amends the complaint by inserting such
true name in place and stead of such incorrect name wherever it appears in said complaint.


I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.


August 15, 2023
_____
(DATE)

_____ *(signature)*
(SIGNATURE)

Vaheh Manoukian
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)


ORDER

Proper cause appearing, plaintiff(s) * allowed to file the above amendment to the complaint.*


_____
(DATE)

_____
(JUDGE OF THE SUPERIOR COURT)


*Complaint can also mean a cross-complaint. Plaintiff means a person who files a complaint or cross-complaint (C.C.P. 426.10).

| | |
|---|---|
| Approved for Optional Use
Riverside Superior Court
RI-CI030 [Rev, 01/01/16]
(Reformatted 01/07/19) | **AMENDMENT TO COMPLAINT/CROSS COMPLAINT**
**(INCORRECT NAME)** |

riverside.courts.ca.gov/localfirms/locfirms.shtml

1   Paul A. Matiasic, SBN 226448
    Vaheh Manoukian, SBN 333026
2   **THE MATIASIC FIRM, P.C.**
    4 Embarcadero Center, Suite 1400
3   San Francisco, CA 94111
    Phone: 415.675.1089
4   Facsimile: 415.675.1103

5   Douglas S. Saeltzer, SBN 173088
    **WALKUP, MELODIA, KELLY & SCHOENBERGER**
6   650 California Street, 26th Floor
    San Francisco, CA 94108
7   Ph: 415.981.7210
    Fx: 415.391.6965
8
    Micha Star Liberty, SBN 215687
9   **LIBERTY LAW**
    1970 Broadway, #700
10  Oakland, CA 94612
    Ph: (510) 645-1000
11  Fx: (888) 645-2008

12  Attorneys for Plaintiff
    D. ROE
13
14              SUPERIOR COURT OF THE STATE OF CALIFORNIA
15                         COUNTY OF RIVERSIDE
16
17                                    CASE NO. CVRI 2205627
18  D. ROE,                           **COMPLAINT FOR DAMAGES**
19          Plaintiff,                   (1)  **Negligence**
                                         (2)  **Negligent Hiring/Retention**
20      v.                              (3)  **Negligent Supervision/Failure to
                                              Warn**
21  DOE CORPORATION 1; DOE            **DEMAND FOR JURY TRIAL**
22  ASSOCIATION 1; and DOES 1 THROUGH
    50, INCLUSIVE
23
24          Defendants.
25
26          COMES NOW Plaintiff D. ROE, by and through his undersigned attorneys, for causes of
27  action against Defendants, and each of them, hereby alleges as follows:
28

                                          1

COMPLAINT FOR DAMAGES

1.     All acts, occurrences and transactions hereafter mentioned occurred in or around the County of Riverside, State of California.

2.     Plaintiff D. ROE (hereinafter "Plaintiff") is a competent adult.

3.     Defendant DOE CORPORATION 1 is a corporation existing under the laws of the State of California. Defendant DOE CORPORATION 1 at all relevant times did, and does currently, govern, own, operate, oversee, and control Defendant DOE ASSOCIATION 1 (hereinafter collectively "Defendants").

4.     At all relevant times herein, JAMES DOE 1 was, and is believed to be currently, an individual residing within the County of Riverside.  At all relevant times herein, JAMES DOE 1 was an employee of Defendants.

5.     Plaintiff is unaware of the true names and capacities of Defendants sued in this Complaint as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

6.     Plaintiff is informed and believes, and upon such information alleges, that each of the fictitiously named Defendants is responsible in some manner, or ratified and condoned the behavior and acts of each other Defendant, for the occurrences herein alleged and that Plaintiff's injuries and damages herein were proximately caused by that conduct.

7.     At all times mentioned herein, each and every of the Defendants herein was the agent, ostensible agent, licensee, servant, partner, joint venturer, employer, employee, assistant, relative, or volunteer of each of the other Defendants, and each was at all times alleged herein acting in the course and scope of said agency, ostensible agency, license, service, partnership, joint venture, employment, assistance, relation, and volunteering.

### JURISDICTION AND VENUE

2

The Matiasic Firm, P.C.
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111

8.    Venue is proper in the County of Riverside under California Code of Civil Procedure §395, subd. (a), on the basis that the injuries that are the subject of this Complaint for Damages occurred in the County of Riverside, State of California.

<u>**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**</u>

9.    Beginning in approximately 1980 and continuing for a period of three months, JAMES DOE 1 sexually abused Plaintiff, at or on the premises owned, operated, controlled and overseen by Defendants.

10.    Plaintiff was approximately 14 years of age when this abuse began.

11.    JAMES DOE 1 was an adult when the abuse began.

12.    JAMES DOE 1's sexual abuse of Plaintiff included, but was not limited to, the following: forcing Plaintiff to enter the bathroom with him, undressing Plaintiff, touching Plaintiff's undressed body, forcing Plaintiff to perform oral copulation, and sodomizing Plaintiff.

13.    As a result of this sexual abuse, Plaintiff's life has been significantly affected. Plaintiff has experienced, and continues to experience, issues with self-esteem, trust, intimacy, sexuality, post-traumatic stress, anxiety, and depression, and nightmares.

<u>**FIRST CAUSE OF ACTION**</u>

**(Negligence – As Against all Defendants)**

14.    Plaintiff hereby re-allege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 13 of this Complaint as though fully set forth herein.

15.    Defendants are liable for injuries to Plaintiff caused by the acts, omissions, and breaches of duties of care of its employees, agents, ostensible agents, administrators, and volunteers.

16.    Defendants had a duty to protect Plaintiff as an individual and a duty to use reasonable means to prevent known risks of harm to minors.

The Madsasic Firm, P.C.
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111

3

COMPLAINT FOR DAMAGES

17.     It was reasonably foreseeable that if Defendants breached their duty of care owed to individuals, including but not limited to Plaintiff, these individuals would be vulnerable to injury and harm, including assaultive conduct and sexual abuse by JAMES DOE 1.

18.     Defendants breached their duty of care owed to Plaintiff by: failing to adequately monitor, safeguard, account for his whereabouts, supervise, and protect employees, including Plaintiff, failing to adequately hire, supervise, and control JAMES DOE 1, and negligently retaining JAMES DOE 1, whom they permitted to have unsupervised access to Plaintiff, failing to train, maintain, and enforce professional boundaries; failing to adequately and competently investigate JAMES DOE 1; failing to alert law enforcement that JAMES DOE 1 may have been sexually battering individuals at the premises; failing to adequately and competently investigate JAMES DOE 1; failing to monitor and prevent the premises from being used for abusive activities; and creating a toxic environment and atmosphere whereby JAMES DOE 1's abusive and assaultive conduct was ratified, condoned, and authorized, thereby enabling Plaintiff to be physically battered and sexually abused by JAMES DOE 1.

19.     As a direct, legal, and proximate result of the negligence, willfulness, intent, carelessness, and recklessness of Defendants, and each of them, Plaintiff was injured in his strength, health, and activity, sustaining shock and injury to their nervous systems, all of which have caused, and will continue to cause Plaintiff great mental pain, embarrassment, humiliation, distress, anguish and suffering, all to their damage in an amount to be proven at the time of trial of this action.

20.     As a further direct, legal, and proximate result of the negligence, willfulness, intent, carelessness, and recklessness of Defendants, and each of them, Plaintiff will be required to obtain the services of physicians and psychologists, obtain treatment and care, and incur medical and incidental expenses in an amount to be proven at the time of trial of this action.

## SECOND CAUSE OF ACTION

4

The Matisnic Firm, P.C.
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111

### (Negligent Hiring/Retention – As Against all Defendants)

21.    Plaintiff hereby re-alleges and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22.    By virtue of Plaintiff's special relationship with Defendants' relation to JAMES DOE 1, Defendants owed Plaintiff a duty not to retain JAMES DOE 1 given his dangerous and exploitative propensities.

23.    Defendants represented that JAMES DOE 1 was a supervisory employee, and not a sexual threat to minors at or around the premises.

24.    Defendants knew of JAMES DOE 1's propensity to engage in inappropriate sexual and physical contact with minors, and/or that he was an unfit agent, and knew that JAMES DOE 1's unfitness created a particular risk to others, including Plaintiff.  Defendants witnessed and/or were aware of JAMES DOE 1's disturbing, inappropriate, and sexually abusive behavior, including: forcing Plaintiff to enter the bathroom with him, undressing Plaintiff, touching Plaintiff's undressed body, forcing Plaintiff to perform oral copulation, and sodomizing Plaintiff.

25.    JAMES DOE 1's unfitness resulted in harm to Plaintiff, when JAMES DOE 1 used his position as a supervisory employee of Defendants with access to minor employees at the premises, to engage in unlawful sexual abuse and physical battery of Plaintiff, among other tortious conduct, resulting in injuries and damages.

26.    As a direct, legal, and proximate result of the negligence, willfulness, intent, carelessness, and recklessness of Defendants, Plaintiff was injured in his strength, health, and activity, sustaining shock and injury to their nervous systems, all of which have caused, and will continue to cause Plaintiff great mental pain, embarrassment, humiliation, distress, anguish and suffering, all to their damage in an amount to be proven at the time of trial of this action.

27.    As a further direct, legal, and proximate result of the negligence, willfulness, intent, carelessness, and recklessness of Defendants, and each of them, Plaintiff will be required to obtain

5

The Matiasic Firm, P.C.
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111

the services of physicians and psychologists, obtain treatment and care, and incur medical and incidental expenses in an amount to be proven at the time of trial of this action.

### THIRD CAUSE OF ACTION

#### (Negligent Supervision/Failure to Warn – As Against all Defendants)

28.     Plaintiff hereby re-allege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 30 of this Complaint as though fully set forth herein.

#### Negligent Supervision of Plaintiff

29.     Defendants had a duty to: provide adequate supervision and protection of Plaintiff and other minors, including those with whom Defendants allowed JAMES DOE 1 to have contact. Defendants' duty to provide adequate supervision and protection of Plaintiff existed at all times Plaintiff were on the premises.  Defendants' duty to provide adequate supervision and protection of Plaintiff meant that Defendants had an obligation to properly train staff members, to establish an effective supervision and reporting infrastructure, and to respond properly to reports of suspected abuse and/or other behavior which might endanger minors, including Plaintiff.

30.     It was reasonably foreseeable that if Defendants breached their duty of care owed to minors, including but not limited to Plaintiff, these young people would be vulnerable to myriad dangers, including assaultive conduct and sexual battery by JAMES DOE 1 and others.

31.     Defendants breached this duty owed to Plaintiff by negligently failing to supervise and protect Plaintiff, thereby allowing JAMES DOE 1 the ability and opportunity to commit sexually abusive, wrongful, criminal acts against Plaintiff.

#### Negligent Supervision of JAMES DOE 1

32.     Defendants had a duty to: provide adequate supervision of JAMES DOE 1; use reasonable care in investigating complaints of inappropriate behavior by JAMES DOE 1; take appropriate adverse employment actions against JAMES DOE 1 as a result of his inappropriate touching of minors; report JAMES DOE 1's sexually and physically abusive conduct to the

6

The Mastasic Firm, P.C.
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111

appropriate law enforcement personnel; provide adequate warnings to Plaintiff of JAMES DOE 1's unfitness, troubling and abnormal behavior, dangerous propensities, and proclivities to engage in assaultive conduct, including the sexual battery and molestation of minors.

33.    Defendants knew of JAMES DOE 1's dangerous, and exploitative propensities, that he was an unfit agent, and of his proclivities to have inappropriate sexual contact.  Defendants witnessed and/or were told of JAMES DOE 1's disturbing, inappropriate, and sexually abusive behavior.

34.    It was reasonably foreseeable that if Defendants breached their duty of care owed to minors, including but not limited to Plaintiff, these young people would be vulnerable to assaultive conduct and sexual battery by JAMES DOE 1.

35.    Despite receiving notice of JAMES DOE 1's propensities to engage in inappropriate assaultive and sexual conduct with minors, Defendants negligently failed to supervise JAMES DOE 1, thereby allowing him the ability and opportunity to commit sexually abusive, wrongful, criminal acts against Plaintiff.  Defendants further: failed to adequately and competently investigate JAMES DOE 1; failed to take any adverse employment actions against JAMES DOE 1 upon learning of his sexually abusive conduct; failed to warn minors, including Plaintiff, about JAMES DOE 1's propensities; failed to alert law and enforcement or authorities that JAMES DOE 1 had been assaulting and sexually battering minors after Defendants knew or had reason to know of his inappropriate conduct; and failed to take adequate measures to prevent future assaultive conduct and sexual abuse, including that which was perpetrated upon Plaintiff.

36.    DOE CORPORATION 1 failed to use reasonable care in supervising JAMES DOE 1 and did nothing to reasonably investigate, supervise, monitor, or terminate JAMES DOE 1 to ensure the safety of its minors.

---------------------------------------------------------------------------------

**Negligent Failure to Warn, Train, or Investigate**

7

The Matiasic Firm, P.C.
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111

37.    Defendants owed Plaintiff a duty to take reasonable protective measures to safeguard Plaintiff and other minors from the risk of childhood sexual abuse and assault by JAMES DOE 1 by: properly warning, training or educating others, including their own personnel, staff, administrators, and other agents, servants, and/or employees about how to avoid such a risk and what to do when such inappropriate conduct is witnessed, reported, and/or discovered.

38.    Defendants breached its duty to take reasonable measures to protect Plaintiff and other minors from the risk of sexual harassment and abuse by JAMES DOE 1, such as the failure to properly warn Plaintiff about JAMES DOE 1.

39.    Defendants breached its duty to take reasonable protective measures to safeguard Plaintiff from the risk of sexual harassment and abuse by JAMES DOE 1, by failing to supervise and stop employees, such as JAMES DOE 1, and prevent them from committing sexually abusive and exploitive acts upon minors, including Plaintiff.

40.    At no time during the periods of time alleged herein did Defendants have in place an adequate or reasonable system or procedure to investigate, supervise, and monitor its staff, to prevent sexual harassment, sexual exploitation, molestation, and abuse of minors, nor did Defendants implement a system or procedure to oversee or monitor conduct toward minors and others in their care, including Plaintiff.

41.    As a direct, legal, and proximate result of the negligence, willfulness, intent, carelessness, and recklessness of Defendants, and each of them, Plaintiff was injured in their strength, health, and activity, sustaining shock and injury to their nervous systems, all of which have caused, and will continue to cause Plaintiff great mental pain, embarrassment, humiliation, distress, anguish and suffering, all to their damage in an amount to be proven at the time of trial of this action.

42.    As a further direct, legal, and proximate result of the negligence, willfulness, intent, carelessness, and recklessness of Defendants, and each of them, Plaintiff will be required to obtain

8

The Matiasic Firm, P.C.
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111

1   the services of physicians and psychologists, obtain treatment and care, and incur medical and

2   incidental expenses in an amount to be proven at the time of trial of this action.

3                                   **PRAYER FOR RELIEF**

4        WHEREFORE, Plaintiff pray for judgment as follows:

5

6   A.      For general (non-economic) damages according to proof;

7   B.      For special (economic) damages according to proof;

8   C.      For prejudgment interest as permitted by law;

9   D.      For treble damages as allowed under CCP 340.1(b)(1);

10  E.      For costs of suit herein;

11  F.      For such other and further relief as the Court may deem just and proper.

12

13  Dated: December 23, 2022                    THE MATIASIC FIRM, P.C.

14

15

16                                      By:_____
                                              Paul A. Matiasic
17                                            Vaheh Manoukian
                                              Attorneys for Plaintiff
18

19                                 **DEMAND FOR JURY TRIAL**

20       Plaintiff demand a trial by jury on all issues so triable.

21

22  Dated: December 23, 2022                    THE MATIASIC FIRM, P.C.

23

24

25                                      By:_____
                                              Paul A. Matiasic
26                                            Vaheh Manoukian
                                              Attorneys for Plaintiff
27

28

9

COMPLAINT FOR DAMAGES

The Matiasic Firm, P.C.
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111